IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CHRISTOPHER Z.,[1] <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. 6:18-cv-01712-AA <br> **OPINION AND ORDER** |

AIKEN, District Judge:

Plaintiff Christopher Z. brings this action pursuant to the Social Security Act ("Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied plaintiff's application for Disability Insurance Benefits ("DIB"). For the reasons set

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Page 1 – OPINION AND ORDER

forth below, the Commissioner's decision is REVERSED and REMANDED for further proceedings.

## BACKGROUND

On January 21, 2015, plaintiff protectively filed for a period of DIB, alleging disability beginning August 6, 2014, with a date last insured of December 31, 2019. In his applications, plaintiff alleged disability due to a combination of physical impairments, including back pain and degenerative disc disease, and obesity. His claims were denied initially on May 5, 2015, and upon reconsideration on September 10, 2015. On October 7, 2015, plaintiff filed a written request for a hearing before an Administrative Law Judge ("ALJ"). An administrative hearing took place on July 14, 2017, where plaintiff was represented by counsel. Both plaintiff and a vocational expert offered testimony.

On October 17, 2017, plaintiff submitted new evidence to the ALJ. The ALJ declined to admit plaintiff's new evidence because it did not meet the requirement that new evidence be submitted to the ALJ no less than five days before the hearing and no exception applied to plaintiff's case. Tr. 13; *see also* 20 C.F.R. § 404.935(b). The ALJ found plaintiff not disabled from August 6, 2014, through the date of the written decision on November 22, 2017. Tr. 21. After the Appeals Council denied review in July 2018, plaintiff filed the present complaint in this Court.

## STANDARD OF REVIEW

The district court must affirm the ALJ's decision if it is based upon proper legal standards and the findings are supported by substantial evidence in the record. 42

U.S.C. § 405(g); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 522 (9th Cir. 2014) (citation and internal quotation marks omitted). The court must evaluate the complete record and weigh "both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). If the evidence is subject to more than one interpretation but the Commissioner's decision is rational, the Commissioner must be affirmed, because "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the plaintiff to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet that burden, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a)(4). At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" since the alleged onset date of August 6,

Page 3 – OPINION AND ORDER

2014. Tr. 15; *see also* 20 C.F.R. § 404.1571 *et seq*. At step two, the ALJ found that plaintiff had "the following severe impairments: back pain and degenerative disc disease, and obesity." Tr. 15; *see also* 20 C.F.R. § 404.1520(c).

At step three, the ALJ determined plaintiff's impairments, whether considered separately or in combination, did not meet or equal "one of the listed impairments" that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. Tr. 16; *see also* 20 C.F.R. § 404.1520(d), 404.1525, and 404.1526. The ALJ then assessed plaintiff's residual functional capacity ("RFC"). Tr. 16-20; *see also* 20 C.F.R. § 404.1520(e), 404.1545. The ALJ found that, through the date last insured, plaintiff had the following RFC:

> Plaintiff has the [RFC] to perform sedentary work as defined in 20 CFR 404.1567(a), except that [plaintiff] can occasionally climb ramps and stairs, and never climb ladders, ropes, or scaffolds. [Plaintiff] can never crawl, and can occasionally reach overhead bilaterally.

Tr. 16.

At step four, the ALJ found that plaintiff was "unable to perform any past relevant work." Tr. 20; *see also* 20 C.F.R. § 404.1565. But at step five, the ALJ found that based on plaintiff's "age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that [plaintiff] can perform." Tr. 20-21; *see also* 20 C.F.R. § 404.1569, (a). Specifically, the ALJ found that plaintiff could work as a "Manual Assembler, Small Parts," "Touch Up Inspector for Printed Circuit Board Assembly," and "Final Assembler, Optical." Tr. 21. The ALJ therefore found that plaintiff was not disabled and denied his application for benefits.

Page 4 – OPINION AND ORDER

**DISCUSSION**

Plaintiff raises three assignments of error on appeal. He contends that the Commissioner erred in: (1) improperly declining to admit into the record medical evidence presented after plaintiff's July 2017 hearing; (2) improperly rejecting plaintiff's subjective symptom testimony; and (3) improperly rejecting lay witness statements. The Court addresses each issue in turn.

I.   *Additional Medical Evidence*

First, plaintiff contends that the Commissioner erred in improperly declining to admit into the record medical evidence presented three months after plaintiff's July 2017 hearing. Plaintiff argues that the ALJ should have admitted the new evidence because 20 C.F.R. § 404.935(a), known as the "five-day rule," applies only to evidence that existed prior to the hearing.

Under the five-day rule, claimants are required to submit any relevant evidence, or inform the ALJ about it, at least five days before the administrative hearing. 20 C.F.R. § 404.935(a) (2017). Section 404.935(b) contains several exceptions to the five-day rule. Under § 404.935(b), the ALJ "may decline to consider or admit the evidence" if the plaintiff failed to submit the evidence (or inform the ALJ about the evidence) at least five days before the administrative hearing unless one or more of the following exceptions apply:

> (1) [the administration's] action misled [the plaintiff];
>
> (2) [The plaintiff] had a physical, mental, educational, or linguistic limitation(s) that prevented [them] from informing [the administration] about or submitting the evidence earlier; or

> (3) Some other unusual, unexpected, or unavoidable circumstance beyond [the plaintiff's] control prevented [them] from informing [the administration] about or submitting the evidence earlier. Examples include, but are not limited to:
>
> (i) [The plaintiff was] seriously ill, and [their] illness prevented [them] from contacting [the administration] in person, in writing, or through a friend relative, or other person;
>
> (ii) There was a death or serious illness in [the plaintiff's] immediate family;
>
> (iii) Important records were destroyed or damaged by fire or other accidental cause; or
>
> (iv) [The plaintiff] actively and diligently sought evidence from a source and the evidence was not received or was received less-than 5 business days prior to the hearing.

20 C.F.R. § 404.935(b) (2017).

Here, plaintiff filed an application for benefits in August 2014, and his administrative hearing took place nearly three years later in July 2017. About three months after the hearing, plaintiff submitted new evidence to the ALJ in October 2017. Before issuing a written decision in November 2017, the ALJ declined to admit plaintiff's new evidence in October 2017. The ALJ reasoned that plaintiff's new evidence did not satisfy the five-day rule and that none of the identified exceptions applied to plaintiff's case.

Indeed, plaintiff does not argue that he met any of the exceptions in 20 C.F.R. § 404.935(b). Plaintiff instead argues that the five-day rule applies only to evidence that existed prior to the July 2017 hearing. In an effort to support his argument, plaintiff points to 20 C.F.R. § 404.1512(a), which requires claimants to "disclose any additional evidence about which [they] become aware."

Page 6 – OPINION AND ORDER

Plaintiff's ongoing duty to disclose relevant evidence under 20 C.F.R. § 404.1512(a) does not supersede the five-day rule and does not require an ALJ to admit any new evidence. *See Peter v. of Soc. Sec. Admin.*, 2019 WL 4534019, at *6 (D. Or. Sept. 19, 2019) (A plaintiff's "ongoing duty to disclose relevant evidence does not silently create a duty for the ALJ to admit such evidence after the hearing."). The ALJ's only duty to consider evidence submitted after the hearing is outlined in 20 C.F.R. § 404.935(b). Because plaintiff never advanced any argument that he met any exception in 20 C.F.R. § 404.935(b), the Court cannot conclude that the ALJ erred in finding plaintiff failed to meet any exception.

More importantly, the Ninth Circuit has held "that when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Brewes v. Comm' r Soc. Sec. Admin.*, 682 F.3d 1157, 1162-63 (9th Cir. 2012). Here, the Appeals Council considered the new evidence and found that it "does not show a reasonable probability that it would change the outcome of the decision." Tr. 2. The Appeals Council included the evidence for this Court to review.

The records in question deal with the surgical removal of defendant's bilateral percutaneous occipital nerve stimulator. Defendant began a trial in March 2017 to help deal with his chronic head and neck pain, and a permanent stimulator was implanted on March 27, 2017. At post-operative visits plaintiff reported

Page 7 – OPINION AND ORDER

improvement in his symptoms and was advised to begin tapering off pain medications.

The following month, plaintiff reported that he was involved in an automobile accident when his vehicle was rear ended. In June 2017, plaintiff reported concerns about possible stimulator dysfunction following the accident. Plaintiff reported localized erythema in the posterior cervical incision with scant yellow discharge. However, according to medical records, he demonstrated no signs of wound infection or stimulator dysfunction.

In September 2017, however, plaintiff sought emergency evaluation of a visible piece of tubing from his implanted stimulator device. He was hospitalized, and the stimulator was surgically removed the following day.

The ALJ concluded in his decision which that "the claimant's symptoms, of whatever particular origin, were relieved with use of a stimulator." Tr 17. The ALJ also found that inconsistency was indicated for the period prior to the stimulant implant by the discrepancy between the claimant's testimony and what his physicians observed over a period of years. Tr. 18. After the implant, the ALJ found, at most, plaintiff had some hardware issues, following a motor vehicle accident in May 2017, but that there was no report of return of his symptoms (Ex. 8F, at 1). Tr 17. The ALJ made these findings without considering the fact that the nerve stimulator was later surgically removed. Clearly, the ALJ's findings regarding plaintiff improvement of symptoms resulting from the nerve stimulator treatment are no longer supported by substantial evidence.

To justify a remand, plaintiff must show that this new evidence is material to determining his disability, and that he had good cause for having failed to produce that evidence earlier. See 42 U.S.C. § 405(g). To be material under section 405(g), the new evidence must bear "directly and substantially on the matter in dispute." *Ward v. Schweiker*, 686 F.2d 762, 764 (9th Cir.1982). Plaintiff must additionally demonstrate that there is a "reasonable possibility" that the new evidence would have changed the outcome of the administrative hearing. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001).

A claimant does not meet the "good cause" requirement by merely obtaining a more favorable report once his or her claim has been denied. *Id.* To demonstrate good cause, the claimant must demonstrate that the new evidence was unavailable earlier. *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985) ("If new information surfaces after the Secretary's final decision and the claimant could not have obtained that evidence at the time of the administrative proceeding, the good cause requirement is satisfied").

Here, the Court finds that this evidence is material to determining plaintiff's disability and that he had good cause for failing to produce it earlier as it was unavailable prior to the hearing. Moreover, the Court finds that there is a reasonable probability that this evidence would change the outcome of the decision given the ALJ's reliance on the improvement of plaintiff's symptoms with nerve stimulator as reason for finding him not disabled. Accordingly, remand is justified to examine this evidence.

II.   *Plaintiffs Subjective Symptom Testimony*

Next, plaintiff contends that the Commissioner erred in improperly rejecting plaintiff's subjective symptom testimony. Plaintiff argues that the ALJ failed to identify specific, clear, and convincing reasons supported by substantial evidence in the record to reject [plaintiff's] subjective symptom testimony.

When a plaintiff's medically documented impairments reasonably could be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, the ALJ must provide "specific, clear and convincing reasons" for rejecting the [plaintiff's] testimony regarding the severity of her symptoms. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). A general assertion that the [plaintiff] is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The ALJ must make findings that are sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the plaintiff's testimony. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage[] in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

In weighing the plaintiff's credibility, the ALJ may consider many factors, including: "(1) ordinary techniques of credibility evaluation, such as the [plaintiff's] reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony ... that appears less than candid; (2) unexplained or inadequately

explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the [plaintiff's] daily activities." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). However, "subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (emphasis added) (citation omitted).

Here, the ALJ determined that plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in [his] decision." Tr. 19-21. The ALJ proceeded to assign "little weight" to plaintiff's subjective statements that are inconsistent with his shown ability "to perform a reduced range of sedentary work on a regular and continuing basis." Tr. 19.

To support his determination that plaintiff's subjective symptoms statements were not entirely reliable, the ALJ relied on inconsistencies in his testimony. For example, the ALJ noted that plaintiff testified at the administrative hearing that he has been in constant pain for the last three years. Yet in November 2015, plaintiff reported improvement in previous pain. The ALJ also noted that plaintiff testified at the administrative hearing that new treatment with the nerve stimulator made his pain tolerable at best but emphasized he remained in unchanged, constant pain. Yet in April 2017, plaintiff reported to his treatment providers doing well as well as good pain relief.

Page 11 – OPINION AND ORDER

Additionally, the ALJ listed specific evidence in the record and reasoned that plaintiff's reports to the ALJ were inconsistent with his doctors' medical reports. For example, the ALJ noted that plaintiff testified at the administrative hearing that he had been suffering from flare-ups, which confined him to bed several times a month for up to five days at a time. Yet throughout that same period, August 2013 to May 2017, during multiple presentations with his primary care provider, the doctor did not note plaintiff evidencing the pain or "the behaviors that would be expected of someone who spent each day in a recliner evaluating his feet, or who is confined to bed several times a month for up to five days at a time." Tr. 18. Instead, medical reports repeatedly described plaintiff as having a normal affect. One doctor noted that plaintiff's subjective complaints did not correspond with the results of the doctor's findings.

Thus, in weighing plaintiff's credibility, the ALJ considered legally relevant factors. *See Tommasetti*, 533 F.3d at 1039. Additionally, the ALJ did not rely solely on medical evidence. Instead, the ALJ also considered plaintiff's prior inconsistent statements.

However, as noted above, the ALJ's decision regarding plaintiff's subjective symptom testimony is at least partially no longer supported by substantial evidence, since plaintiff had his nerve stimulator removed following his administrative hearing. Accordingly, remand is warranted for reconsideration of the record in light of the supplementary evidence discussed above.

/ / /

III.  *Lay Witness Statements*

Finally, plaintiff contends that the Commissioner erred in improperly rejecting lay witness statements of plaintiff's wife and parents.

Lay witness testimony about the severity of a plaintiff's symptoms or how impairment affects a plaintiff's ability to work is competent evidence that an ALJ must consider. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). To reject lay witness testimony an ALJ must provide "reasons that are germane to each witness." *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1007 (9th Cir. 2015). The reasons provided must also be "specific." *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234 (9th Cir. 2011). Inconsistency of a lay witness's statements with the medical evidence is a germane reason to discredit the witness's testimony. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

Here, the ALJ assigned "little weight" to the statements by plaintiff's wife and parents. Tr. 19. The ALJ specifically noted that the statements by plaintiff's wife and parents were inconsistent with plaintiff's recent medical treatment notes following the implant of a nerve stimulator. For example, plaintiff's nerve stimulator was implanted in March 2017. In April, plaintiff reported improvement, which plaintiff conveyed remained consistent into May. Tr. 17, 518, 520. Soon afterward, plaintiff's wife and parents rendered their statements in June. Tr. 322, 323.

However, as noted above, these statements were rendered prior to the removal of nerve stimulator. Accordingly, the fact that the ALJ rejected these opinions

because plaintiff showed improvement with the nerve stimulator is no longer supported by substantial evidence.

IV.   *Scope of Remand*

The Court has discretion under 42 U.S.C. § 405(g) to decide "whether to remand for further proceedings or for an award of benefits." *Holohan*, 246 F.3d at 1210 (citation omitted). A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Act. *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

The credit-as-true analysis requires courts to utilize the following sequential evaluation process: (i) determine whether the ALJ made a harmful legal error; (ii) review the whole record to assess whether it is fully developed, free from conflicts and ambiguities, and that all essential factual issues have been resolved; and (iii) determine whether the ALJ would be required to find the plaintiff disabled on remand if the improperly discredited evidence were credited as true. *Dominguez v. Colvin*, 808 F.3d 403, 407-08 (9th Cir. 2015) (internal citations and quotation marks omitted).

The Court has concluded that the Commissioner's decision is not supported by substantial evidence. However, given that the ALJ did not consider this evidence in

formulating an RFC or hypothetical for a VE to consider, further proceedings are required to resolve essential factual issues in this cas.

## CONCLUSION

For the reasons set forth herein, the Commissioner's decision is REVERSED and REMANDED for further proceedings. On remand, the ALJ shall hold a new administrative hearing and issue new decision considering plaintiff's supplemental evidence. Accordingly, this case is dismissed.

IT IS SO ORDERED.

Dated this 30th day of May, 2020.

                                      /s/Ann Aiken
                                        Ann Aiken
                          United States District Judge